### 33723. BATTLE v. THE STATE.

CARLISLE, J. Upon consideration of a motion for a new trial, based solely upon the general grounds, the evidence is to be construed most strongly against the defendant after a verdict finding him guilty of assault with intent to murder. *But* where, under such a construction, it appears from the evidence that the defendant, a sharecropper on the plantation of the prosecutor, went to work at the prosecutor's barn and while there entered into an altercation with the prosecutor in which the defendant was the aggressor, having stabbed the prosecutor in the shoulder with a knife, but that he fled from the scene of this altercation as soon as the prosecutor was able to get his shotgun in his hands, and

where it appears from the evidence that as the defendant was fleeing toward his home, which was located approximately three hundred yards from the prosecutor's barn, the prosecutor fired his shotgun at the defendant twice, striking him in the back, and the prosecutor immediately followed the defendant to the defendant's house, with no intention, according to the prosecutor's testimony, of continuing the difficulty between him and the defendant, but with the intention of seeing the defendant's wife to get her to send one of her boys to work for him, but it nowhere appears in the evidence that the prosecutor's beneficent intention was made known to the defendant, who had already entered his own house when the prosecutor arrived there with gun in hand, and where it appears further from the evidence that, while the prosecutor testified that he did not fire his gun into the defendant's house, but that it *might have gone off,* two witnesses for the defendant testified that the prosecutor did fire into the hallway of the house, and the sheriff of the county also testified that he appeared on the scene shortly after the prosecutor was shot and found evidence that a gun had been fired into the hallway, and that shots were lying on the floor there— we think that, under all the circumstances shown by the evidence, the defendant was justified in firing upon the prosecutor, believing that his life was in imminent danger, as the prosecutor had already fired upon the defendant twice and, as it obviously appeared to the defendant, had pursued the defendant to the very threshold of his house and there fired his gun again (Code, § 26-1011; *Pinkston* v. *State,* 78 *Ga. App.* 91, 50 S. E. 2d, 645; *Smith* v. *State,* 106 *Ga.* 673, 32 S. E. 851); and the verdict is contrary to the evidence. This is particularly true when it is observed that the defendant was not indicted for the assault by him upon the prosecutor with the knife at the prosecutor's barn, but was indicted for the assault with a shotgun at the defendant's house.

*Judgment reversed.__Gardner, P.J., and Townsend, J., concur.*

DECIDED MARCH 19, 1952.

*Osgood O. Williams,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General,* contra.